**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Class*
(additional counsel listed on signature page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re First American Financial Corp. Securities Litigation | Case No. CV 20-9781 DSF (Ex)<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE**<br><br>Date: April 19, 2021<br>Time:1:30 p.m.<br>Courtroom: 7D<br>Judge: The Honorable Dale S. Fischer<br><br>**[Proposed Order Lodged Concurrently]** |

NOTICE IS HEREBY GIVEN that on Monday, April 19, 2021, at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Dale S. Fischer in Courtroom 7D of the above-entitled Court, located at First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, Lead Plaintiff St. Lucie County Fire District Firefighters Pension Trust Fund will, and hereby does, move to extend the current schedule for its amended complaint and amend the briefing schedule on Defendants' forthcoming motion to dismiss. The motion is based on this Notice of Motion and Motion and attached exhibits, all of the pleadings and papers on file in this action and on such other and further oral or documentary evidence as may be presented to the Court at or before the hearing on this motion. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 9, 2021.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED  COMPLAINT AND AMEND BRIEFING SCHEDULE

DATED:  March 17, 2021

**POMERANTZ LLP**


s/*Jennifer Pafiti*

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Joshua B. Silverman
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Stuart Kaufman
7080 NW 4th Street Plantation, Florida 33317
Phone: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for St. Lucie County Fire District Firefighters Pension Trust Fund*

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED  COMPLAINT AND AMEND BRIEFING SCHEDULE

**Introduction**

Lead Plaintiff St. Lucie County Fire District Firefighters Pension Trust Fund ("Plaintiff"), by and through undersigned counsel, hereby moves to extend the current schedule for its amended complaint and amend the briefing schedule on Defendants' forthcoming motion to dismiss.[1] The basis for this request is to include information in the amended complaint regarding a public regulatory hearing before the New York Department of Financial Services ("DFS Hearing"), that has been described as a "trial" in the financial press regarding the same cybersecurity deficiencies and lapses at issue in the amended complaint.[2]  The DFS Hearing had been scheduled to occur on March 22, 2021, prior to the due date for the amended complaint, but is now scheduled to commence on April 5, 2021.

Plaintiff therefore requests that the due date for its amended complaint be extended to fourteen (14) days following the completion of the upcoming hearing, which will allow Plaintiff to incorporate any relevant information described in the hearing into its amended complaint rather than seeking another amendment to address such information. Plaintiff believes that this relief, which Defendants have indicated they will likely oppose, presents the most efficient use of the Court's and parties' resources.  It will not prejudice any party.

**Case Background**

Through its subsidiaries, Defendant First American provides financial services through its title insurance and services segment and its specialty insurance segment. During the Class Period (defined in the current complaint as February 17, 2017 through October 22, 2020, both dates inclusive), Defendants publicly represented,

---

[1] "Defendants" refers collectively to Defendants First American Financial Corp. ("First American"); First American's Chief Executive Officer, Dennis J. Gilmore; and First American's Chief Financial Officer, Mark E. Seaton.

[2] *See* Exhibit A hereto.

1

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

among other things, that:

- they would "use [their] best efforts to ensure that no unauthorized parties have access to any [customer nonpublic personal] information";

- access to such information would be heavily "restrict[ed]";

- they would "use [their] best efforts … to ensure that your information will be handled responsibly …."; and

- they "currently maintain[ed] physical, electronic, and procedural safeguards … to guard [customer] nonpublic personal information."

Defendants' assurances to First American's customers and investors began to crumble on May 24, 2019, when a noted cybersecurity blog reported a massive data exposure by First American in which more than *850 million* customer files were exposed. Subsequent regulatory proceedings revealed that the data First American failed to safeguard included bank account numbers, mortgage and tax records, Social Security numbers, wire transaction receipts, and drivers' license images. It was further reported on May 24, 2019 that no authentication whatsoever was required to read the exposed documents. In direct response to these revelations, the share price of First American fell precipitously, thereby damaging Plaintiff and other First American investors, *i.e.*, the Class.

## The New York DFS Proceedings

On July 22, 2020, The New York State Department of Financial Services (DFS) filed charges against First American.[3]  The Amended Statement of Charges and Notice of Hearing (the "Notice") alleges that First American failed to address a known vulnerability in its document-handling program, thereby exposing millions of

---

[3] *See* https://www.dfs.ny.gov/reports_and_publications/press_releases/pr202007221 (last accessed Mar. 16, 2021).

2

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

documents containing nonpublic information.[4] According to the Notice, the DFS Hearing will involve DFS charges that:

- First American had stored documents used to obtain title insurance (many of which contain nonpublic information such as Social Security numbers and financial account information) in a proprietary document management system known as FAST;

- in order to share documents stored in FAST with title agents or parties to a real estate transaction, First American implemented EaglePro, a web-based title document delivery system. Documents in EaglePro allegedly were accessible through a website link shared by parties to a transaction with each other;

- because documents in EaglePro were sequentially numbered and users were not required to verify their identities, any person – including unauthorized individuals – with an EaglePro link allegedly could change a number in the URL to access other documents available through the platform. Unauthorized individuals could also find and view documents containing nonpublic information in Google search results; and

- even after the EaglePro vulnerability had been diagnosed internally, First American did not take steps to remediate it for at least seven months in "a cascade of errors" that included:

   o failing to follow its own cybersecurity policies by not performing a risk assessment or a security review of EaglePro;

   o underestimating the level of risk associated with the EaglePro vulnerability by internally classifying it as "medium severity," due to its

---

[4] *See generally:*
https://www.dfs.ny.gov/system/files/documents/2021/03/ea20200721_first_american_notice.pdf (last accessed Mar. 16, 2021).

3

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

erroneous belief that EaglePro could not transmit nonpublic information;

o delaying addressing the vulnerability because of a subsequent misclassification as a "low severity" vulnerability due to an administrative error;

o failing to conduct further risk assessments against the advice of its own Cyber Security Defense Team;

o failing to follow its own internal policies and controls to address the EaglePro vulnerability;

o assigning an unqualified and uninformed employee with little experience in data security to fix the vulnerability; and

o maintaining an inadequate manual process subject to human error for identifying documents with nonpublic information, compounded by insufficient training.

The Notice stresses, as a central allegation, that First American not only lacked adequate controls to protect nonpublic information, but also failed to conduct an adequate risk assessment. Thus, Notice allegations are highly relevant to Plaintiff's pleading that Defendants turned a blind eye to deficiencies in First American's data protection protocol while repeatedly reassuring investors that it was protecting nonpublic consumer information.

The DFS Hearing on these charges is scheduled for April 5, 2021, one week after the current due date for Plaintiff's amended complaint.[5]

---

[5] *See* https://www.dfs.ny.gov/reports_and_publications/public_hearings (last accessed Mar. 16, 2021). Aside from the clear subject matter alignment between the DFS hearing and Plaintiff's forthcoming amended complaint, the rules of evidence in a DFS hearing are quite relaxed, particularly when compared to those in New York state or federal court. Evidentiary and burden of proof issues are governed by NY Financial Services Law §305(e) and NY State Administrative Procedure Act §306, instead of the NY CPLR or the federal rules. The Financial Services Law states that "[n]othing

[Footnote continued on next page]

4

## **The Current Scheduling Order**

On January 27, 2021, the Court appointed Plaintiff as Lead Plaintiff in this action and approved its selection of Pomerantz LLP as Lead Counsel.  ECF No. 34. On February 5, 2021, Lead Counsel, after conferring with opposing counsel, filed a proposed scheduling stipulation, under which Plaintiff's amended complaint would be due on March 29, 2021, or sixty (60) days from the entry of the Lead Plaintiff order. ECF No. 35. That same day, the Court entered the stipulation setting the due date for Plaintiff's amended complaint at March 29, 2021, and further ordering that:

- o Defendants' response to the amended complaint shall be due within sixty (60) days of the filing of Plaintiff's amended complaint;

- o If Defendants move to dismiss the amended complaint, Plaintiff's opposition shall be due within forty-five (45) days after filing of any motion to dismiss; and

- o Defendants shall file a reply brief in support of any motion to dismiss within thirty (30) days after the filing of Plaintiff's opposition. [ECF No. 36]

## **The Requested Extension**

After being appointed to lead this litigation, Lead Counsel made plans to virtually attend the DFS Hearing, which was then scheduled for March 22, 2021, and to have that hearing transcribed by a court reporter.[6] Recently, Lead Counsel learned

[Footnote continued from previous page]

herein contained shall require the observance at any such hearing of formal rules of pleading or evidence." NY Fin. Svcs. Law §305(e). This increases the likelihood that more information relevant to the claim in this action will be permissibly introduced at the April 5, 2021 DFS hearing.

[6] Plaintiff believes it will need fourteen (14) days following the DFS Hearing to finalize a transcript of the proceedings and incorporate as part of its amended complaint. Furthermore, to avoid confusion if the DFS Hearing date is further

[Footnote continued on next page]

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

that the DFS Hearing had been adjourned two weeks to April 5, 2021, one week *after* the amended complaint due date. Plaintiff promptly reached out to opposing counsel, as required by Local Rule 7-3 and Rule 4(b) of this Court's Standing Order, to ascertain whether an extension could be obtained via stipulation as opposed to filing a motion.

On March 9, 2021, Lead Counsel and counsel for Defendants met and conferred regarding the instant motion pursuant to Local Rule 7-3 and Rule 4(b) of this Court's Standing Order. While no resolution was reached on the call, Defendants' counsel indicated that they would confer with their clients, after which Defendants would indicate whether they opposed the relief sought. Lead Counsel explained that while they regarded the extension as necessary, the precise terms of the extension were open to negotiation.

On March 12, 2021, Defendants responded that they "do not think the hearing warrants delay of this case." Defendants' counsel later expressly confirmed that they intend to oppose this motion. Defendants provided the following reasons for their opposition: (1) they do not expect the DFS Hearing to go forward on April 5 and believe the hearing could be postponed further; and (2) they anticipate that portions of the DFS Hearing will be non-public due to the sensitive nature of the issues involved.[7]

Defendants' objections to the extension are insufficient to compel its denial. First, there is no credible reason to believe that the hearing will not go forward on April 5, 2021, or that any possible delay will be significant. Indeed, the previous rescheduling – from March 22, 2021 to April 5, 2021 – was only for two weeks.

[Footnote continued from previous page]
amended, Plaintiff does not believe that the extension should be pegged to April 5, 2021, but to the completion of the hearing itself.

[7] Defendants have agreed that Plaintiff's amended complaint should not be due until the Court has an opportunity to resolve the instant motion .

6

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

Likewise, Defendants' suggestion that the DFS Hearing will be non-public is equally unfounded. No access restrictions have been announced since the disclosure of the DFS charges against First American in July 2020. Moreover, the publicly-disseminated Notice contains considerable detail regarding First American's operations and culpability in the consumer data exposure. The DFS did not seek to redact that information in its pleading, and there is no reason to believe it will seek to seal testimony regarding the same information.

Finally, the proposed extension necessitates that briefing on Defendants' forthcoming motion to dismiss the amended complaint be adjusted accordingly. No party has previously requested an extension from the Court in any form.

WHEREFORE, subject to Court approval, Plaintiff respectfully requests that this Court amend the operative schedule for Plaintiff's amended complaint and briefing schedule on Defendants' forthcoming motion to dismiss as follows:

1.    Plaintiff's amended complaint shall be due fourteen (14) days following the upcoming DFS hearing;

2.    Defendants' response to the amended complaint shall be due within sixty (60) days of the filing of Plaintiff's amended complaint;

3.    If Defendants move to dismiss the amended complaint, Plaintiff's opposition shall be due within forty-five (45) days after filing of any motion to dismiss; and

4.    Defendants shall file a reply brief in support of any motion to dismiss within thirty (30) days after the filing of Plaintiff's opposition.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR
FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

DATED:  March 17, 2021

**POMERANTZ LLP**


s/*Jennifer Pafiti*

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Joshua B. Silverman
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Stuart Kaufman
7080 NW 4th Street Plantation, Florida 33317
Phone: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for St. Lucie County Fire District Firefighters Pension Trust Fund*

8

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR
FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/Jennifer Pafiti*

Jennifer Pafiti

9

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE FOR
FILING OF AMENDED COMPLAINT AND AMEND BRIEFING SCHEDULE