CRAIG VARNEN, SBN 172603
cvarnen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JASON J. MENDRO, SBN 220842
jmendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

COLIN B. DAVIS, SBN 273942
cdavis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

*Attorneys for Defendants First American Financial Corp., Dennis J. Gilmore, and Mark E. Seaton*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE FIRST AMERICAN FINANCIAL CORP. SECURITIES LITIGATION | CASE NO. 2:20-cv-09781-DSF-E |
| | **DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |
| | Hon. Dale S. Fischer |

Gibson, Dunn &
Crutcher LLP

Defendants First American Financial Corp. ("First American"), Dennis J. Gilmore, and Mark E. Seaton (together, "Defendants") respectfully submit that this Court should (i) deny Plaintiff's motion for an indefinite extension of time to file an amended complaint (ECF No. 38) (the "Motion") and (ii) order Plaintiff to file an amended complaint no later than March 29, 2021 or one week after the Court rules on the Motion, whichever is later.

After its appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), *see* ECF No. 34, Plaintiff sought and Defendants agreed to a case schedule that gave Plaintiff 60 days in which to file an amended complaint. *See* ECF Nos. 35, 36. That time expires on March 29, 2021.

On March 8, Plaintiff indicated for the first time that it planned to move for an indefinite extension of the March 29 deadline pending completion of an administrative hearing in a separate regulatory proceeding before the New York Department of Financial Services (the "NY DFS"), which Plaintiff believed was scheduled for April 5 (the "NY DFS hearing"). The NY DFS hearing, however, is not currently scheduled to proceed on April 5 and likely will not occur for several months; in fact, there is not currently a date set for the NY DFS hearing to begin.[1] Further, whenever the hearing proceeds, First American has requested and anticipates that significant portions of the hearing will be closed to the public due to the sensitive nature of information security policies and procedures at issue. Accordingly, Defendants' counsel explained that the NY DFS hearing does not warrant an extension of time for Plaintiff to file its amended complaint.

Defendants' counsel made clear, however, that it is willing, as always, to agree to a reasonable extension as a professional courtesy and offered Plaintiff an additional week to file the amended complaint. Plaintiff rejected this offer in favor of moving to postpone this case for an undefined period of time that could stretch months into the

---

[1] As Plaintiff itself has recognized, the hearing previously has been continued. *See* Mot. 1, 5-6; *see also infra* at 3.

Gibson, Dunn & Crutcher LLP

1

future.  *See* Mot. 1, 5-6 n.6 (seeking an extension pegged not to the putative April 5, 2021 hearing date, "but to the completion of the hearing itself").

There is no "good cause" for the indefinite and likely significant delay that Plaintiff seeks.  *See* Standing Order for Cases Assigned to Judge Dale S. Fischer ("Standing Order") at 5-6.  As the U.S. Court of Appeals for the Ninth Circuit has recognized, the public has an "interest in expeditious resolution of litigation." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Defendants also have the right to put lawsuits, particularly meritless ones, behind them.  *See Hastings v. Hutchens*, 2020 WL 5350337, at *2 (C.D. Cal. Sept. 4, 2020) (recognizing presumption that "defendants [are] prejudiced" by plaintiffs' "unreasonable delay" in prosecuting an action).  And plaintiffs have the obligation to "complete[] their [factual] investigation *before* filing suit, *not after*." *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1636384, at *1 (N.D. Cal. Apr. 16, 2013) (denying plaintiffs' request for extension of time to file amended securities fraud complaint and rejecting argument that additional time was needed "to secure new evidence").

Plaintiff's proposal to extend the deadline for its amended complaint indefinitely flouts all of these considerations.  This action, which was filed almost five months ago, *see* ECF No. 1, already has idled for a considerable amount of time.  Plaintiff pursued the lead role in this case and committed to "vigorously prosecute this action" on behalf of the proposed class.  *See* ECF No. 23 at 2.  Indeed, Plaintiff secured appointment based in part on representations that it had retained counsel with the requisite skill and knowledge to "prosecute th[is] Action effectively and *expeditiously*." *Id.* at 13 (emphasis added); *see id.* at 11 (arguing that its counsel is experienced in "vigorously and efficiently prosecuting securities class actions such as this Action").  Notwithstanding these commitments, Plaintiff already has asked for and received a generous 60-day window in which to file a new operative pleading.  *See* Dkts. 35-36.  Additional delay would prejudice Defendants and "contravene[] the goals of the PSLRA." *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1636384, at *2.

Gibson, Dunn & Crutcher LLP

Nor does the anticipated NY DFS hearing justify further delay for several reasons:

*First*, the free-floating stay Plaintiff seeks is likely to delay this action for many additional months.  The NY DFS hearing initially was scheduled to begin on October 26, 2020, but has been continued several times, and there currently is no date scheduled for the hearing to proceed.  In fact, just last week on March 10, the NY DFS filed an amended statement of charges adding additional allegations that may warrant additional delay of the hearing.  *See* Amended Statement of Charges and Notice of Hearing, *In the Matter of First Am. Title Ins. Co.*, No. 2020-0030-C (Mar. 10, 2021), *available at* https://www.dfs.ny.gov/system/files/documents/2021/03/ea20200721_first_american_ notice.pdf.  Notably, unlike the prior statement of charges, the amended statement of charges does not reference a specific hearing date and provides only that "a hearing will be held … on a date to be determined by the presiding Administrative Hearing Officer," and will continue "thereafter day to day as determined by the Department."  *Id.*  At the present time there is no scheduled hearing date and no certainty when the hearing will proceed or when it will end.  This case should not languish in the meantime.

*Second*, whenever the hearing proceeds, First American will request and expects that significant portions of it will be closed to the public due to the sensitive nature of the information security issues involved.  Plaintiff's assertion that it will be able to incorporate any meaningful amount of testimony from the hearing into an amended complaint is "pure speculation," which does not constitute "good cause" for an extension of time.  *Hoang Minh Tran v. Gore*, 2011 WL 334800, at *1 (S.D. Cal. Jan. 31, 2011); *see also In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1636384, at *1 (extension of time to file amended complaint was not warranted because plaintiffs' "belief that an extension of time will yield more evidence to justify their claims" was "unsupported and speculative").  Plaintiff's conjecture that the hearing will be entirely public because the NY DFS's statement of charges was public, *see* Mot. 7, is meritless.  Indeed, portions of the hearing should be expected to be closed to the public because they will concern

Gibson, Dunn &
Crutcher LLP

3

information about First American's information security practices that could be misused by malicious actors.

*Third*, neither the initial complaint in this action nor Plaintiff's motion for appointment as lead plaintiff suggested that this lawsuit was premature.  Nor did Plaintiff indicate that it was unable to plead good-faith allegations to support the claims in the initial complaint absent further factual development.  In fact, it implied the opposite. *See* Dkt. 23 at 2-6 (asserting that, "[a]s the complaint in the Action … alleges," Defendants "made statements that were materially false and/or misleading" under the federal securities laws); *id.* at 11 (asserting that Plaintiff sufficiently "alleges … that defendants violated the federal securities laws").  "If Plaintiff[] lacked the requisite information to allege [its] claims in the manner required by the PSLRA and Rule 9(b) when [it] filed suit, [it] should not have sued Defendants in the first instance."  *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1636384, at *1.

*Fourth*, Plaintiff will not suffer any prejudice if the Court holds it to its obligation to prosecute this action timely.  *See* Standing Order at 6.  If Defendants move to dismiss Plaintiff's forthcoming amended complaint, Plaintiff can amend its complaint once by right in response to Defendants' motion, *see* Fed. R. Civ. P. 15(a)(1)(B), and if Plaintiff chooses not to amend and the Court grants Defendants' motion, Plaintiff can seek leave to amend its complaint at that time—well after the NY DFS hearing is expected to occur.

*Finally*, Plaintiff acknowledges that the NY DFS hearing previously was scheduled to proceed on March 22, Mot. 1, 5-6—*seven days* before the March 29 filing deadline Plaintiff seeks to move only because the hearing date moved.  Yet Plaintiff now seeks to stay its deadline until *fourteen days* after the hearing, whenever that might occur. *Id.* at 7.  Plaintiff fails to explain why it needs double the time to incorporate any public information from the hearing into its amended complaint simply because the hearing date has changed (again).

This case has been pending for nearly five months, and the time has come for a determination as to whether it should continue to consume the time and attention of the

Gibson, Dunn &
Crutcher LLP

4

Court and Defendants.  The Court should deny Plaintiff's motion and require Plaintiff to file an amended complaint on March 29 or one week after the Court's ruling, whichever is later.  Alternatively, if the Court grants Plaintiff's motion, it should decline to permit any additional amendments that will drag this case out further.

Dated: March 18, 2021

GIBSON, DUNN & CRUTCHER LLP
CRAIG VARNEN
JASON J. MENDRO
COLIN B. DAVIS


By: */s/  Colin B. Davis*
                Colin B. Davis

*Attorneys for Defendants First American Financial Corp., Dennis J. Gilmore, and Mark E. Seaton*