CRAIG VARNEN, SBN 172603
cvarnen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JASON J. MENDRO, SBN 220842
jmendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

COLIN B. DAVIS, SBN 273942
cdavis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

*Attorneys for Defendants First American
Financial Corp., Dennis J. Gilmore,
Mark E. Seaton, and Shabnam Jalakian*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE FIRST AMERICAN FINANCIAL CORP. SECURITIES LITIGATION | CASE NO. 2:20-cv-09781-DSF-E |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | **Hearing:** |
| | Date: August 30, 2021 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 7D |
| | First Street Courthouse |
| | 350 West 1st Street |
| | Los Angeles, California |
| | Hon. Dale S. Fischer |

Gibson, Dunn &
Crutcher LLP

In accordance with Federal Rule of Evidence 201(b), Defendants First American Financial Corp. ("First American"), Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian (collectively, "Defendants") respectfully request that the Court take judicial notice of Exhibits 1 through 5 attached to the concurrently filed Declaration of Jason J. Mendro (the "Mendro Declaration") in support of Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion").

## I.    LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to matters subject to judicial notice and documents incorporated into the complaint by reference.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060 n.141 (C.D. Cal. 2012) ("Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment.").  The Court may take judicial notice of matters that are not subject to reasonable dispute because they either are (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record."  *See Khoja*, 899 F.3d at 999.  Such matters "include [a company's] SEC filings and other corporate disclosures." *In re Herbalife, Ltd. Sec. Litig.*, 2015 WL 12732428, at *2 n.4 (C.D. Cal. Mar. 27, 2015) (Fischer, J.).

Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents on which the complaint "necessarily relies," the authenticity and relevance of which are uncontested.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688–89.

Gibson, Dunn & Crutcher LLP

1

## II.    THE DOCUMENTS MAY BE CONSIDERED

The Court properly may consider the documents attached to the Mendro Declaration in ruling on Defendants' Motion.  Exhibit 1 is a table showing the historical opening and closing trading prices of First American common stock from January 3, 2017, through December 30, 2020, obtained from Yahoo! Finance.  *See* https://finance.yahoo.com/quote/FAF/history?p=FAF (last visited May 20, 2021).  It is well settled that the Court may take judicial notice of publicly available stock prices. *See In re Blue Earth, Inc. Sec. Class Action Litig.*, 2015 WL 12001274, at \*1 n.1 (C.D. Cal. Nov. 3, 2015) (Fischer, J.) (taking judicial notice of stock prices); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at \*13 (C.D. Cal. Jan 12, 2012) (collecting cases).

Exhibits 2–5 are First American's annual reports on Form 10-K filed with the U.S. Securities and Exchange Commission ("SEC") for fiscal years 2016 through 2019. Judicial notice of these Exhibits is appropriate because they are public filings made by First American with the SEC, and therefore, they are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *see also In re Herbalife, Ltd. Sec. Litig.*, 2015 WL 12732428, at \*2 n.4; *Metzler Inv. GMBH*, 540 F.3d at 1064 n.7 (taking judicial notice of SEC filings "was proper").

Moreover, all four annual reports are incorporated into Plaintiff's Complaint by reference.  *See* Plaintiff's Amended Class Action Complaint (ECF No. 46) ¶¶ 57, 59, 63, 69 (Form 10-K for fiscal year 2016); *id.* ¶¶ 74, 76, 78, 107 (Form 10-K for fiscal year 2017); *id.* ¶¶ 79, 81, 83, 85 (Form 10-K for fiscal year 2018); *id.* ¶ 95 (Form 10-K for fiscal year 2019).  Because the Complaint "refers to and relies on" these SEC filings, and "neither party disputes the authenticity of the documents," the Court should consider them in ruling on Defendants' Motion.  *Soler v. Trans Union, LLC*, 2020 WL 7237256, at \*2 (C.D. Cal. Dec. 1, 2020) (Fischer, J.); *see Coto Settlement*, 593 F.3d at 1038; *Lee*, 250 F.3d at 688–89.

Gibson, Dunn & Crutcher LLP

## III.   CONCLUSION

For the foregoing reasons, First American respectfully requests that the Court take judicial notice of Exhibits 1 through 5 to the Mendro Declaration, and also consider Exhibits 2 through 5 under the doctrine of incorporation by reference.

Dated: May 21, 2021

GIBSON, DUNN & CRUTCHER LLP
CRAIG VARNEN
JASON J. MENDRO
COLIN B. DAVIS


By:  */s/ Jason J. Mendro*
                Jason J. Mendro

*Attorneys for Defendants First American Financial Corp., Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian*

Gibson, Dunn & Crutcher LLP

3