**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

(additional counsel listed on signature page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re First American Financial Corp. Securities Litigation | Case No. CV 20-9781 DSF (Ex) |
| | **CLASS ACTION** |
| | **PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Hon. Dale S. Fischer |
| | Date: April 11, 2022 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 7D First Street Courthouse 350 West 1st Street Los Angeles, California |

## **INTRODUCTION**

Defendants First American Financial Corp., Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian. attach five exhibits comprising of extraneous material to their motion to dismiss (ECF No. 74) requesting this Court consider these exhibits either because they claim that Plaintiff's Second Amended Complaint ("SAC") (ECF No. 68) incorporates them by reference, or simply because the Court can take judicial notice of the documents.[1] Plaintiff takes no position as to Exhibits 2-5 to the Declaration of Jason J. Mendro (ECF No. 76) which are cited in the SAC. However, the SAC does not rely upon Exhibit 1 to the Mendro Declaration (ECF No. 76-1), and because Defendants ask that the Court draw improper inferences at the motion to dismiss stage from Exhibit 1, the Court should decline to consider that document in connection with the disposition of the motion to dismiss.

The Ninth Circuit has rejected a "concerning pattern in securities cases like this one: exploiting [judicial notice] procedures to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Specifically:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. ***Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage***. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. ***This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.*** [*Id.* (internal citations omitted) (emphasis added).]

---

[1] See Defendants' Request for Judicial Notice In Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("RJN") (ECF No. 75).

*Orexigen* concludes that "[i]f defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.*, 899 F.3d at 999. Defendants do not claim that the SAC misquotes them or their written public statements, or that further information is required to contextualize the well-pleaded allegations. Any attempt to have this Court consider what the Ninth Circuit specifically said it may not consider should be rejected.

Considered properly, Defendants' exhibits do not undermine the SAC's well-pleaded allegations and the reasonable inferences that **must** be drawn therefrom. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-24 (2007) ("competing inferences" on a Rule 12(b)(6) motion must be "draw[n] from the facts alleged" and accept the truth of complaint allegations). If the Court considers extrinsic evidence for its truth to dispute well-pleaded factual allegations, Defendants' motion to dismiss must be converted to one for summary judgment, and Plaintiff should be permitted to take discovery prior to any substantive ruling by this Court on the merits.[2]

## A.    Relevant Standards

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Orexigen*, 899 F.3d at 998 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). There are two exceptions to this rule.

Courts may consider documents under the "incorporation by reference" doctrine, which "a defendant may seek to incorporate a document into the complaint

---

[2] Fed. R. Civ. P. 12(d) states that if the court accepts a defendant's presentation in support if its 12(b)(6) motion of "matters outside the pleadings," it "must" treat the motion "as one for summary judgment under Rule 56."

'if the plaintiff *refers extensively* to the document or the document forms the basis of the plaintiff's claim.' …. How 'extensively' must the complaint refer to the document? This court has held that '*the mere mention of the existence of a document is insufficient to incorporate the contents of a document* ….'" *Orexigen*, 899 F.3d at 1002 (internal citations omitted) (emphasis added). However, "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage," and "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Id.*, 899 F.3d at 1014.

Courts may also take "judicial notice of 'matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. Courts may not, however, "take judicial notice of *disputed facts* contained in such public records." *Id.* (citing *Lee*, 250 F.3d at 689)) (emphasis added).[3]

### B.    The Court Should Not Take Judicial Notice of the Truth of Any Information Contained in Documents Defendants Claim are Incorporated by Reference

Plaintiff takes no position on Defendants' Request to incorporate by reference and/or judicially notice those documents referenced and relied upon as part of the SAC's moving allegations. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). *See also* Mendro Decl., Exhibits 2-5.

---

[3] The second exception "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). A fact, such as the date a public event occurred, *e.g.*, "is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).

Plaintiff does not oppose judicial notice of the statements contained therein for the limited purpose of noting that the statements were actually made at the time and in the manner described in the SAC. The Court may not, however, take judicial notice of the *truth* of any of those statements. The Ninth Circuit has warned that the "inferences a court may draw from an incorporated document" should "be approached with caution." *Orexigen*, 899 F.3d at 1003:

> We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." …. While this is generally true, **it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well pleaded complaint**. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") [*Id.*] (Internal citations omitted).

The purported truths Defendants ask this Court to infer from their attached documents may not be used to contradict the reasonable inferences drawn from the SAC's allegations. Indeed, the SAC specifically alleges that certain statements in the proffered documents are materially false and/or misleading. *See Smilovits v. First Solar, Inc.*, No. CV-12-00555-PHX-DGC, 2012 U.S. Dist. LEXIS 178802, at *20 (D. Ariz. Dec. 17, 2012) ("While Defendants dispute the veracity of many of the allegations, factual disputes about specific, plausible allegations are not sufficient to dismiss a claim. Factual allegations and their reasonable inferences are accepted as true at the motion to dismiss stage."). The PSLRA does not convert Federal Rule of Civil Procedure 12 into a trial-type, papers-only proceeding, and Defendants cannot ask the Court to determine credibility or compare competing inferences of falsity. That task is reserved for the jury. *In re LDK Solar Sec. Litig.,* 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008).

4

If the truth of the matters asserted in documents incorporated by reference or judicially noticed could be considered, defendants in securities cases could self-immunize their misconduct, a result fundamentally at odds with the purpose underlying the federal securities laws, which is "to substitute a philosophy of full disclosure for the philosophy of caveat emptor." *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1061 (9th Cir. 2000); *Orexigen*, 899 F.3d at 999.

### C. The Court Should Not Take Notice of the Truth of Any of the Information Contained in Exhibit 1

Defendants' Exhibit 1 – which is not cited in or integral to the SAC, and should be disregarded for that reason alone – is an unauthenticated chart generated by Defendants themselves, in which Defendants present purported stock price information allegedly drawn from *Yahoo.com*. Defendants do not claim that any of the stock drops alleged in the SAC did not, in fact, occur. Nor do Defendants request that this Court consider Exhibit 1 to clarify undisputed facts. Rather, Defendants seek to inject new "facts" for the sole purpose of disputing the SAC's well-pled factual allegations. *See* D.Mem. 5, 25 (citing Exhibit 1 as evidence of share price fluctuations not alleged in the SAC in order to contest loss causation allegations). In addition to violating *Tellabs*' guidance that complaint allegations be accepted as true, Exhibit 1's contents are "subject to reasonable dispute," and it is therefore inappropriate for judicial notice.

### CONCLUSION

Plaintiff respectfully submits that its objections to Defendants' RJN should be sustained, and that this Court should not draw contrary inferences from judicially-noticed documents. If the Court does accept the contents of these documents as true, or otherwise draws inferences therefrom, Plaintiff respectfully requests conversion of the pending motion to dismiss to one for summary judgment in order to allow Plaintiff to conduct discovery prior to any substantive ruling by

5

the Court on the merits.

DATED:  January 24, 2022

POMERANTZ LLP


s/*Louis C. Ludwig*
Joshua B. Silverman
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
 jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Stuart Kaufman
7080 NW 4th Street
Plantation, Florida 33317

6

Phone: (954) 916-1202
Fax: (954) 916-1232

bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for St. Lucie County Fire District Firefighters Pension Trust Fund*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2022, a copy of the foregoing was filed

7

electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Louis C. Ludwig*
Louis C. Ludwig

8