CRAIG VARNEN, SBN 172603
cvarnen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JASON J. MENDRO, SBN 220842
jmendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

COLIN B. DAVIS, SBN 273942
cdavis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

*Attorneys for Defendants First American Financial Corp., Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE FIRST AMERICAN FINANCIAL CORP. SECURITIES LITIGATION | CASE NO. 2:20-cv-09781-DSF-E |
| | **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | **Hearing:** |
| | Date: April 11, 2022 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 7D |
| | First Street Courthouse |
| | 350 West 1st Street |
| | Los Angeles, California |
| | Hon. Dale S. Fischer |

Gibson, Dunn &
Crutcher LLP

Plaintiff does not oppose Defendants' request that the Court consider Exhibits 2–5 of the Declaration of Jason J. Mendro (the "Mendro Declaration") as incorporated in the Second Amended Complaint ("SAC") by reference. *See* Plaintiff's Response to Defendants' Request for Judicial Notice, ECF No. 81 ("RJN Response"), at 1, 3. The Court previously granted Defendants' request for judicial notice of these documents in its decision dismissing Plaintiff's prior complaint. *See In re First Am. Fin. Corp.*, 2021 WL 4807648, at *5 (C.D. Cal. Sept. 22, 2021). Accordingly, the Court should grant Defendants' request that it consider Exhibits 2–5 in assessing the sufficiency of the SAC.

Plaintiff, however, surprisingly opposes Defendants' request for judicial notice of First American's historical stock prices in Exhibit 1. *See* RJN Response at 5. Plaintiff asserts in conclusory fashion that Defendants seek to "disput[e] the SAC's well-pled factual allegations." *Id.* But Plaintiff can point to no factual allegations that the stock prices in Exhibit 1 dispute; instead, Plaintiff complains that Exhibit 1 challenges the *legal sufficiency* of the SAC's "loss causation allegations" by demonstrating "share price fluctuations not alleged in the SAC." *Id.* (citing Mot. 5, 25). But "courts routinely take judicial notice of" historical stock prices. *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (internal quotation marks omitted); *see, e.g.*, *Falat v. Sacks*, 2021 WL 1558940, at *3–4 (C.D. Cal. Apr. 8, 2021); *Garcia v. J2 Global, Inc.*, 2021 WL 1558331, at *9 (C.D. Cal. Mar. 5, 2021); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (collecting cases). This is true even when courts are considering whether to dismiss claims for failure to plead loss causation. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008) (citing judicially noticed stock price recovery in its analysis finding that the complaint failed to allege loss causation); *In re Blue Earth, Inc. Sec. Class Action Litig.*, 2015 WL 12001274, at *1 n.1 (C.D. Cal. Nov. 3, 2015) (Fischer, J.) (taking judicial notice of stock prices and dismissing for failure to plead loss causation). Judicial notice of "historical stock prices" is proper because they are "'not subject to

reasonable dispute' and 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *In re Atossa Genetics Inc Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) (quoting Fed. R. Evid. 201(b)).

Plaintiff's bald assertion that the stock prices in Exhibit 1 are "subject to reasonable dispute," RJN Response at 5, similarly lacks merit.  To the contrary, courts consistently have recognized that historical stock prices are the type of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" for purposes of taking judicial notice under Federal Rule of Evidence 201(b).  *See, e.g.*, *Atossa Genetics*, 868 F.3d at 799; *ScripsAmerica*, 119 F. Supp. 3d at 1232 ("Because publically [sic] traded companies['] historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."); *IXIA*, 50 F. Supp. 3d at 1349 (same); *Lloyd*, 2012 WL 12883522, at *13 (same); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (same).  Notably, Plaintiff does not point to any inaccuracies in Exhibit 1 or attempt to identify which stock prices potentially are subject to dispute.  *See* RJN Response at 5.

Defendants thus respectfully request that the Court take judicial notice of Exhibits 1 through 5 to the Mendro Declaration, and also consider Exhibits 2 through 5 under the doctrine of incorporation by reference.

Dated:  February 23, 2022

GIBSON, DUNN & CRUTCHER LLP
CRAIG VARNEN
JASON J. MENDRO
COLIN B. DAVIS


By:  */s/ Jason J. Mendro*
　　　　　　　Jason J. Mendro

*Attorneys for Defendants First American Financial Corp., Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian*

Gibson, Dunn & Crutcher LLP