CRAIG VARNEN, SBN 172603
cvarnen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JASON J. MENDRO, SBN 220842
jmendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

COLIN B. DAVIS, SBN 273942
cdavis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

*Attorneys for Defendants First American
Financial Corp., Dennis J. Gilmore,
Mark E. Seaton, and Shabnam Jalakian*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE FIRST AMERICAN FINANCIAL CORP. SECURITIES LITIGATION | CASE NO. 2:20-cv-09781-DSF-E **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** **Hearing:** Date:  April 11, 2022 Time:  1:30 p.m. Place:  Courtroom 7D  First Street Courthouse  350 West 1st Street  Los Angeles, California Hon. Dale S. Fischer |

Defendants First American Financial Corp., Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian respectfully submit this response to Plaintiff's Notice of Supplemental Authority (ECF No. 86), which attached the Western District of Texas' March 30, 2022 decision in *In re SolarWinds Corp. Securities Litigation*, No. 1:21-CV-138-RP ("*SolarWinds*") (ECF No. 86-1).

*SolarWinds* confirms that liability under the federal securities laws must be grounded in false statements to investors. In *SolarWinds*, the plaintiffs alleged that the company made several objectively verifiable and "specific statements of fact" that were false. ECF No. 86-1, at 15. SolarWinds allegedly "told investors," for example, that it "had a security team, had an information security policy, provided security training to its employees, followed a password policy, and segmented its network." *Id.* at 2–3. Ten different former employees ("FEs") contradicted these specific representations, stating that SolarWinds "did not have a security team, [had] no security information policy, [had] no password policy, [had] no security training, and [had] no segmenting of its networks." *Id.* at 4; *see id.* at 12 (FEs "stated they were not aware of an information security policy or a password policy, and they did not receive cybersecurity training"). Moreover, the complaint alleged that SolarWinds continued to tout having "password best practices" even after learning of a "years-long password breach." *Id.* at 11–12.

Here, in contrast, Plaintiff's Second Amended Complaint fails to plead a single misstatement. *See* ECF No. 74 at 7–14. As this Court already held, Defendants' general statements about First American's data security practices during the Class Period were "either true, too vague to be material, or inactionable puffery." MTD Order at *17. For example, Plaintiff pleads no facts—from FEs or otherwise—showing that First American had not "established a formal information security program" (¶ 72) or did not apply a "different . . . layer of security" to customer information (¶ 78). Unlike the plaintiffs in *SolarWinds*, Plaintiff has alleged no "facts that the cybersecurity measures at the [C]ompany were not as they were portrayed." ECF No. 86-1, at 17. Nor has it alleged any facts suggesting that Defendants "acted with . . . severe recklessness" with

respect to the truth of any statement they made to investors. *Id.* at 10.

For these reasons, *SolarWinds* confirms that the Second Amended Complaint must be dismissed with prejudice for failure to plead any culpable misstatement.

Dated: April 5, 2022

GIBSON, DUNN & CRUTCHER LLP
CRAIG VARNEN
JASON J. MENDRO
COLIN B. DAVIS

By:   */s/ Jason J. Mendro*
                    Jason J. Mendro

*Attorneys for Defendants First American Financial Corp., Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian*