# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re First American Financial Corp. Securities Litigation | CV 20-9781 DSF (Ex) <br><br> Order GRANTING Defendants' Motion to Dismiss (Dkt. 74) |

This case arises out of alleged misrepresentations by Defendants First American Financial Corp. (First American), Dennis J. Gilmore, Mark E. Seaton, and Shabnam Jalakian concerning known deficiencies in First American's security practices that allegedly allowed highly-sensitive non-public information (NPI) to be accessed by anyone with a web browser via First American's public-facing website (the Breach).

Defendants move to dismiss the Second Amended Complaint (SAC) filed by Lead Plaintiff St. Lucie County Fire District Firefighters Pension Trust Fund (the Fund). Dkt. 74 (Mot.). The Fund opposes. Dkt. 80 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion to dismiss is GRANTED.

## I. LEGAL STANDARD

### A.    Rule 12(b)(6)

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

The Court need not grant leave to amend if any attempt to amend would be futile.  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

## B.    Rule 9(b)

Under Federal Rule of Civil Procedure 9(b), fraud claims must be pleaded with particularity.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).  "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  A plaintiff must include "an account of the time, place, and specific content of the false representations" at issue.  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quotation marks omitted).  Fraud allegations must "be

specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (punctuation omitted)).

Rule 9(b)'s particularity requirement "applies to all elements of a securities fraud action." <u>Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.</u>, 774 F.3d 598, 605 (9th Cir. 2014). The Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b)(1), "imposes additional specific pleading requirements, including requiring plaintiffs to state with particularity both the facts constituting the alleged violation and the facts evidencing scienter." <u>In re Rigel Pharms., Inc. Sec. Litig.</u>, 697 F.3d 869, 877 (9th Cir. 2012). In order to properly allege falsity, "a securities fraud complaint must . . . specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." <u>Id.</u> (quotation marks and alteration omitted). In addition, in order to "adequately plead scienter under the PSLRA, the complaint must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." <u>Id.</u> (quotation marks omitted).

## II. DISCUSSION

### A.    Request for Judicial Notice

Defendants request judicial notice of 5 documents. Dkt. 75. The Fund objects only to Defendants' request for judicial notice of a table showing the historical opening and closing trading prices of First American common stock from January 3, 2017, through December 30, 2020, obtained from Yahoo! Finance. Dkt. 81. The Court does not rely on the prices of the stock in reaching its decision. Defendants' request for judicial notice of the table is therefore DENIED as moot and the unopposed requests are GRANTED.

### B.      Rule 10b-5(b): Untrue Statement or Omission of Material Fact

Section 10(b) of the Exchange Act makes it "unlawful for any person, directly or indirectly . . . [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe."  15 U.S.C. § 78j.  Rule 10b-5, implementing Section 10(b), states:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

The elements of a claim under § 10(b) and Rule 10b-5 are: "(1) a material misrepresentation or omission; (2) made with scienter (i.e., a wrongful state of mind); (3) a connection between the misrepresentation and the purchase or sale of a security; (4) reliance upon the misrepresentation . . .; (5) economic loss; and (6) loss causation."  Loos v. Immersion Corp., 762 F.3d 880, 886-87 (9th Cir. 2014), as amended (Sept. 11, 2014).  Under the heightened pleading standard of the PSLRA, complaints must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement

or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." <u>Glazer Cap. Mgmt., LP v. Magistri</u>, 549 F.3d 736, 741 (9th Cir. 2008).  To establish falsity, a plaintiff "must demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression." <u>In re Convergent Techs. Sec. Lit.</u>, 948 F.2d 507, 512 (9th Cir. 1991).

Section 10(b) and Rule 10b-5(b) "do not create an affirmative duty to disclose any and all material information[;]" rather, "[d]isclosure is required under these provisions only when necessary 'to make . . . statements made, in light of the basic circumstances under which they were made, not misleading." <u>Matrixx Initiatives, Inc. v. Siracusano</u>, 563 U.S. 27, 44 (2011) (citing 17 C.F.R. § 240.10b-5(b)).  In order to be misleading, an incomplete statement "must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." <u>Brody v. Transitional Hosps. Corp.</u>, 280 F.3d 997, 1006 (9th Cir. 2002); <u>see also</u> <u>Reese v. Malone</u>, 747 F.3d 557, 570 (9th Cir. 2014) ("By omitting information regarding BP's detection of high corrosion levels, [defendant] affirmatively created an 'impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed].")", <u>overruled on other grounds by</u> <u>City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.</u>, 856 F.3d 605, 619 (9th Cir. 2017)).

"By voluntarily revealing one fact about its operations, a duty arises for the corporation to disclose such other facts, if any, as are necessary to ensure that what was revealed is not 'so incomplete as to mislead.'" <u>FindWhat Inv. Grp. v. FindWhat.com</u>, 658 F.3d 1282, 1305 (11th Cir. 2011) (quoting <u>Backman v. Polaroid Corp.</u>, 910 F.2d 10, 16 (1st Cir. 1990) (en banc)).  "[E]ven absent a duty to speak, a party who discloses material facts in connection with securities transactions assumes a duty to speak fully and truthfully on those subjects." <u>Id.</u> (alteration in original) (quoting <u>In re K-tel Int'l, Inc. Sec. Litig.</u>, 300 F.3d 881, 898 (8th Cir. 2002)).  "[A] defendant may not deal in half-

truths." Id. (quoting First Va. Bankshares v. Benson, 559 F.2d 1307, 1314 (5th Cir. 1977)).

In a detailed order, the Court previously dismissed the Fund's claims because the Fund had failed to plausibly allege a material misrepresentation or omission.  Dkt. 67 (Order) at 21.  The Fund states in its Opposition that it alleges new facts in response to the Order: (1) "Defendants made statements in which they omitted and in some cases actively concealed, known gaping deficiencies in FAF's security practices, policies, and controls"; (2) "Defendants knew that FAF's internal procedures were ineffective to protect NPI from disclosure" as evidenced by charges brought against First American by the State of New York and the SEC; and (3) contrary to what First American asserted, approximately 255 million of the exposed documents – not 32 million – contained NPI.  Opp'n at 1-2.  For the reasons explained below, the Court finds the SAC does not allege any additional facts showing that First American made a material misrepresentation or omission.

1. **First American's Information Security Program and Commitment to Protecting Data**

First American argues the Fund fails to plausibly plead that First American made misrepresentations in its statements regarding its information security program and its commitment to protecting data.  Mot. at 7.  The Court previously found those statements, which included statements on First American's website, in articles and at conferences, and on First American's 2016 10-K, were "either true or inactionable puffery."  Order at 16.  The Fund does not identify any new allegations in the SAC that support a finding that First American made misrepresentations in these general statements.  See Opp'n at 13-14; Order at 14-18.  Therefore, the Fund has failed to state a claim with respect to these statements.

2. **Risk Factor Disclosures**

The Court previously found Plaintiffs failed to plausibly allege that First American's risk factor disclosures regarding data security

were false and misleading because the Fund "did not adequately plead that Defendants had actual knowledge of the Breach at the time of the disclosures, or that the disclosures were specific enough to misrepresent the current state of affairs." Order at 11. In its Opposition, the Fund argues that First American failed to disclose in its risk factor disclosures in its 2018 10-K "that vulnerabilities had already surfaced and were known internally as a result of FAF's decision not to protect customer NPI." Opp'n at 15. As the Court previously articulated, the Fund does not allege any facts to support that First American knew of the Breach <u>before</u> May 2019 or at the time Defendants filed the 2018 10-K in February 2019. <u>See</u> Order at 12.

In the SAC, Plaintiffs allege that in December 2016, FAF's management told the Board Audit Committee that they needed to re-engineer the process of vulnerability scanning and patching. SAC ¶ 44. Additionally, Plaintiffs allege, as they did in the FAC, that by March 1, 2017, Jalakian was required, among other things, to report her findings to First American's Board of Directors, including Gilmore, as well as through presentations to the audit committee, and that the 2017 information security audit "identified significant additional vulnerability management problems," including "a failure to assign responsibility for the detailed tracking and performance of vulnerability remediation, and inadequate system for tracking vulnerabilities." <u>Id.</u> ¶¶ 36, 46. While the Court agrees that these statements plausibly allege First American was aware of <u>general</u> information security vulnerabilities, they do not establish that First American was aware of existing compromised data.[1]

---

[1] That the New York Department of Financial Services and the SEC found First American was aware of "dangerous cybersecurity vulnerabilities," <u>see</u> SAC ¶¶ 37, does not change this analysis because, as stated above, it is not inconsistent with a finding that Plaintiffs failed to plausibly allege First American was aware of existing compromised data during the class period.

### 3.      Statements About Information Security Incident

The Court previously found the Fund had failed to plausibly plead that Defendants' statements about the Breach were false or misleading.  Order at 19.  The Fund alleges in the SAC that contrary to what First American asserted, approximately 255 million of the exposed documents – not documents pertaining to 32 customers – contained NPI.  SAC ¶ 54; Opp'n at 2.  The Fund still does not plausibly allege that First American's statement that the NPI of 32 customers had been compromised was misleading, not least because it is based on the Fund's speculation that because 30% of a small 1,000-document sample taken in 2018 lacked proper NPI tagging, 30% of the 850 million documents must also have contained NPI.  See SAC ¶¶ 55, 102.

Because the Fund does not identify any false or misleading statement or omission, its Section 10(b) and Section 20(a) claims fail.

## III. CONCLUSION

The motion to dismiss is GRANTED.  Because the Court has already given the Fund an opportunity to amend and warned that another opportunity would not likely be granted, see Order at 21, further leave to amend is not warranted.  The Court DISMISSES the Second Amended Complaint with prejudice.

IT IS SO ORDERED.

Date: May 11, 2022

Dale S. Fischer
United States District Judge

8